CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/23/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

| | | |
|---|---|---|
| **JEFFREY EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 4:25cv00020** |
| **v.** | ) | |
| | ) | |
| **LAURENCE S. WANG, et al,** | ) | **By: Hon. C. Kailani Memmer** |
| | ) | **United States Magistrate Judge** |
| **Defendants.** | ) | |

**AMENDED MEDIATION ORDER**

This case has been referred to Magistrate Judge C. Kailani Memmer for mediation. To facilitate the just and expeditious resolution of this case, it is **ORDERED** as follows:

1. All parties and their lead counsel are required to appear at the mediation scheduled to begin at **10:00am, on September 22, 2026, at the United States District Court for the Western District of Virginia, Lynchburg Division,** for the purpose of conducting discussions, in good faith, towards a compromise resolution of this case. ***Other court proceedings may be scheduled beginning at 2:00 p.m., so the parties need to be prepared to conclude their negotiations, if possible, during the time scheduled. The mediation may continue past 2:00 p.m. as the court's schedule allows.***

2. Each party must bring to the mediation a person who is knowledgeable about the facts of the case and who has final authority up to the amount of plaintiff's last demand (or any demand made on a cross-claim or counterclaim), to be employed at that person's discretion, to resolve all facets of the case without having to seek or obtain

additional authority from persons not in attendance.[1] If the mediation is conducted in person, no party or party representative may appear at the mediation via telephone or video without first obtaining court approval. If the mediation is conducted by video or partially by video, all video participants must appear on screen.[2]

3. If there are issues involving medical or other liens, a representative with authority for the lien holder shall attend and participate in the mediation. If a lien holder representative is to attend the mediation, counsel for the party with the lien shall notify all counsel and Judge Memmer approximately thirty (30) days in advance of the mediation. A copy of all relevant lien documents must be submitted with the mediation submission (*see* paragraph 11).

4. The parties and representatives attending or participating in the mediation are required to negotiate in good faith.

5. Prior to the mediation, the parties shall make good faith efforts to negotiate and settle the case. Specific proposals and counter proposals beyond the initial offer and demand must be exchanged. This exchange shall include drafts of any proposed settlement agreement outlining the resolution of the matter, and a separate release document, if any, so that the parties discuss the terms of the documents and identify those

[1] If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and Judge Memmer at least fourteen (14) days before the mediation will occur. The required disclosure must identify the board, claims committee, or equivalent body in whom final settlement authority is vested. In this instance, the party must bring to the mediation the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

[2] All participants must confirm prior to the mediation that they have the visual and auditory capabilities necessary to participate in the mediation. It is expected that participants will test and confirm such capabilities in advance of the mediation.

terms which are not agreeable to any party. The proposed settlement agreement must include signature lines for all parties. The parties are required to exchange a draft settlement agreement at least seven (7) days before the mediation. **The defendant(s) is required to email a copy of the settlement agreement to memmer.ecf@vawd.uscourts.gov, no later than two (2) days before the mediation. The defendant(s) shall identify in the email any terms in the agreement that remain in dispute.**

6. The mediation is **CONFIDENTIAL** and no communication, conversation, negotiation, or document exchanged as part of the mediation or ongoing negotiations may be used by the parties for any purpose other than settlement. The parties are not permitted to record the mediation by any means, including any type of audio/visual recording.

7. At the mediation, introductions will be made, and Judge Memmer will provide an overview of the mediation process. Following the brief opening session, the parties will have separate confidential caucuses with the magistrate judge.

8. The parties are advised that during the course of the mediation, it is expected and understood that Judge Memmer will provide information and evaluation to aid the parties in making informed decisions. Such legal information and evaluation include, for example, assessing the strengths and weaknesses of factual and legal positions, the value and costs of alternatives to settlement, and any barriers to settlement. By participating in a mediation with Judge Memmer, the parties are deemed to have requested and consented to such an evaluative approach. Should a party not be interested in an evaluative approach, they should so advise Judge Memmer. In that case, the mediation will be cancelled, and the parties may avail themselves of private mediation.

9. The parties are further advised that (i) Judge Memmer does not provide legal advice; (ii) any agreement reached at the mediation may affect the legal rights of the parties; (iii) each party can consult with independent legal counsel at any time and is encouraged to do so; and (iv) each party should have any draft agreement reviewed by independent counsel prior to signing the agreement.

10. If counsel for the parties have yet to have a pre-mediation conference call with Judge Memmer, they are required to schedule such conference call approximately twenty-one (21) days in advance of the mediation to discuss the issues in the case, the mediation process, and any unusual circumstances or questions. Such initial communications should involve counsel for all parties. Thereafter, the parties may raise confidential or strategic considerations with Judge Memmer on a separate and confidential basis, including during ex parte calls that will be scheduled after the pre-mediation conference call.

11. **The parties shall submit a mediation statement as to their factual and legal positions on or before September 15, 2026. The statement should include the following:**

a. Factual position.

b. Legal position.

c. History of demands and offers.

d. The identity of persons who will be present at the mediation, their positions, and the basis for their authority to resolve the case. This must include an affirmative representation that the persons attending the mediation comply with the requirements of Paragraphs 2 and 15 of this Order.

The parties may submit the statement in either memorandum or letter form. The parties are required to exchange statements so that the opposing party may have a complete understanding of each party's position. Counsel is required to provide a copy of every statement to their client. **The statement should not be electronically filed but is to be emailed to memmer.ecf@vawd.uscourts.gov.** The statement shall be sent in PDF format and scanned using Optical Character Recognition ("OCR"). The parties may also submit a separate *ex parte* statement to the Magistrate Judge relating confidential or strategic information or issues affecting resolution of the case.

12. Submissions to the court in preparation for mediation should total no more than **fifty (50) pages** combined, including exhibits.

13. If the case is resolved at the mediation, the parties will be required to execute a written settlement agreement resolving the case that day. All parties will be required to sign the written settlement agreement prior to the conclusion of the mediation. Therefore, the parties shall bring the original and an electronic version of the proposed agreement, in Word format, to the conference to facilitate execution of the agreement.

14. If a party appears at the mediation without having complied with the requirements of this Order or fails to negotiate in good faith at or before the mediation, Judge Memmer may continue or cancel the mediation, and may assess against the non-complying party, attorney, or both, a monetary sanction, which may include the fees and expenses incurred by the other parties in preparing for and attending the mediation.

15. If the parties reach a settlement prior to the scheduled mediation, the parties are required to immediately notify my chambers by email to memmer.ecf@vawd.uscourts.gov.

16. Counsel for all parties are required to provide a copy of this order to their clients and to discuss the contents thereof in advance of the mediation. **Counsel is required to certify in the mediation statement that they complied with this requirement.**

17. The requirements of this order may only be waived by Judge Memmer.

It is so **ORDERED**.

**ENTERED**: July 23, 2026

C. Kailani Memmer
United States Magistrate Judge